CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 14, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Durwin Evant Bonds, Jr.,

Plaintiff,

v.

Joseph Walters *et al.*,

Defendants.

Civil Action No. 7:26-cv-00617

**MEMORANDUM OPINION AND ORDER**

Durwin Evant Bonds, Jr., a Virginia inmate acting *pro se*, filed this action under 42 U.S.C. § 1983. Bonds alleges several claims, including for excessive force, denial of equal protection, segregation confinement in violation of due process, denial of religious freedoms, retaliation for religious freedom, and retaliation for freedom of speech. (Compl. (Dkt. 1).) Bonds has filed a motion which the court construes as a motion for a preliminary injunction. (Dkt. 12.) In this motion, Bonds requests updates on all of his cases,[1] extensions of time to meet court deadlines, medical care, and protective custody. (*Id.*) Bonds has also filed a motion for defendants to "preserve documentary evidence." (Dkt. 2.) For the reasons that follow, these motions will be denied.

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable

---

[1] While the court will deny Bonds' motion for the reasons stated below, the court will direct the Clerk to send Bonds copies of the docket sheets for his cases in this court.

harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide-ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980).

Bonds claims that he is unable to respond to pleadings or comply with deadlines because his property was confiscated at Red Onion State Prison. (Dkt. 12 at 2–3.) He also claims to be in need of "medical attention" after an assault where he was tazed by an unidentified person. (*Id.*) Bonds has also asked for extensions of time to respond to pleadings, but this aspect of the motion was addressed by the magistrate judge. (Dkt. 16.) Bonds further asks for "protective custody away from VDOC so he can prosecute his case." (Dkt. 12 at 3.) Bonds concludes by asking the court to "please provide assistance," which the court construes as a request for some form of injunctive relief. (*Id.*)

To the extent that Bonds is asking for injunctive relief from this court, his motion does not address any of the factors set forth under *Winter*, and he does not make a "clear showing" as to each factor. 555 U.S. at 22. Bonds has not, for example, established that he is likely to succeed on the merits of this lawsuit. A plaintiff "must prevail on all four *Winter* factors" to obtain a preliminary injunction. *Doe v. Off. of the Dir. of Nat'l Intel.*, 180 F.4th 536, 545 (4th Cir. 2026). Moreover, to the extent that Bonds claims that he needs medical attention, Bonds has not alleged an Eighth Amendment deliberate indifference to serious medical needs claim in his lawsuit. While a "preliminary injunction is always appropriate to

grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739, 2024 WL 1571688, at *7 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit").

Regarding Bonds' motion to preserve evidence, the court presumes that defendants will observe their duty to preserve evidence, and Bonds has not presented any evidence of spoliation. *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (explaining that a party's "destruction or material alteration of evidence . . . or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation" may amount to spoliation). The court will deny this motion without prejudice.

Accordingly, Bonds' motion for preliminary injunctive relief (Dkt. 12) is **DENIED**, and his motion to preserve evidence (Dkt. 2) is **DENIED** without prejudice. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Bonds. The Clerk shall send Bonds copies of the docket sheet for the above-captioned case and the following cases: Case Nos. 7:23-cv-579, 7:23-cv-583, 7:25-cv-294, 7:25-cv-295, 7:25-cv-948, and 7:26-cv-348.

**IT IS SO ORDERED.**

**ENTERED** this 14th day of October, 2026.

/s/ Jasmine H. Yoon

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE